UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carl Benit Cooper, | ) | Civil Action No. 4:06-1448-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND |
| Pinkerton Security, Andrew Savage, III,Esq. | ) | RECOMMENDATION |
| Eduardo Kelvin Curry, Esq., and Michael | ) | AND |
| S. Seekings, Esq., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on defendants' motions to dismiss (Documents ## 15, 16, 21, and 28). Because the plaintiff is proceeding *pro se*, he was advised on or about July 12 and 19, and September 6, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond[1] to the defendants' motions could result in dismissal of his case. A *pro se* litigant's pleadings are accorded a liberal construction. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed. 163, 101 S.Ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 97 S.Ct. 594 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). The mandated liberal construction means only that if the court can reasonably read the pleadings to state a claim on which Plaintiff could

---

[1] The order states that failure "to respond adequately, the motion may be granted, thereby ending the case. Careful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits . . . to be based upon personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matter contained in the affidavit if he or she was called to the witness stand . . . . submission of a brief . . . will not be sufficient alone to withstand a properly supported motion for summary judgment."

-1-

prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not rewrite pleadings to include claims that were never presented.; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

Plaintiff initiated this action by complaint filed May 11, 2006, alleging violations of 42 U.S.C. §§ 1985(Conspiracy to interfere with civil rights) and 1986(neglect to prevent a known violation of §1985) and South Carolina common law conspiracy against these defendants. In his complaint, plaintiff alleges that he was charged in a superseding indictment on March 15, 1995, by a federal grand jury in South Carolina for, among other crimes, armed bank robbery which occurred on October 11, 1994. He alleges he was found guilty on September 22, 1995. He alleges claims against Defendant Pinkerton Security (Pinkerton) arising out of pretrial actions and conduct on its part. He alleges claims against his retained trial attorney, Defendant Andrew Savage, III, Esq. (Savage), arising out of Savage's representation of plaintiff before and during the trial which occurred between September 11-22, 1995. He alleges claims against Defendant Eduardo Kelvin Curry, Esq. (Curry), who was appointed to represent the plaintiff for purposes of sentencing, for conduct involving his sentencing which occurred on July 29, 1996, and through August 16, 1996, when his motion for reduction of sentence was denied. He alleges claims against Defendant Michael S. Seekings, Esq. (Seekings) for alleged conduct occurring between November 12, 1996, when Seekings was appointed his appellate counsel by the Fourth Circuit, until the Fourth Circuit issued

an unfavorable decision on January 28, 1998. [2]

This is the third case alleging the same conduct and same causes of action plaintiff has filed. *See* Cooper v. Pinkerton Security, et al., Civil Action No. 4:02-4267-22BH (D.S.C.)(§1983 claim)(Cooper I) and Cooper v. Pinkerton Security, et al., Civil Action No. 4:03-3072-22BH(§1985 claim)(Cooper II).[3]  Cooper I[4] was summarily dismissed pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) because, among other reasons, the defendants were not "state actors" for purposes of §1983.  Cooper II was summarily dismissed pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) based on Heck v. Humphrey, 512 U.S. 477 (1994)[5] and its progeny.

In his complaint, plaintiff does not allege that he has successfully challenged his prior conviction.  Accordingly, his claims should be dismissed pursuant to the dictates of Heck v. Humphry.[6]  Additionally, Rule 11(b), Fed.R.Civ.P., provides as follows:

> By presenting to the court . . . a pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's

---

[2] From the attachments to his complaint, it appears that defendant was released from prison on or about September 20, 2005.

[3] The court may take judicial notice of the contents of court records. *See* Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

[4] Cooper I did not include Seekings as a party defendant.

[5] Heck v. Humphry applies to actions under 42 U.S.C. §§ 1985 and 1986. *See* Amaker v. Weiner 179 F.3d 48, 51 (2nd Cir. 1999); Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996); Dolney v. Lahammer, 70 F.Supp. 2d 1038 (D.S. Dakota 1999); Nuno v. county of San Bernardino, 58 F.Supp.2d 1127 (C.D. Cal. 1999); Hazel v. Reno, 20 F.Supp 2d 21 (D.Columbia 1998); Martinez v. Ensor Duamutef v. Morris, 956 F.Supp. 112 (S.D. N.Y. 1997); Rashid v. Monteverde, 1997 WL 360922 at *3 (E.D. Pa. 1997).

[6] *See e.g.*, Park Lake Resources Lim. Liab. Co. v. United States Dept. Of Agriculture, 378 F.3d 1132, 1134 (10th Cir. 2004)(plaintiff can overcome previous dismissal only by showing satisfaction of the conditions of ripeness).

>knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>(2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>(3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>. . .

**Plaintiff is hereby notified and directed, pursuant to Rule 11(c)(1)(B), to show cause why this case should not be dismissed with prejudice. He has twice filed similar claims against the same parties. Although Cooper I was a case brought pursuant to §1983, Cooper II was brought pursuant to §1985 as is this case. At the conclusion of Cooper II, plaintiff was notified by order that his claims were barred by <u>Heck v. Humphry</u> and that the claims would continue to be barred until he successfully challenged his prior conviction. It appears from his conduct that he has violated Rule 11(b)(1),(2), and (3). Plaintiff shall submit in writing within ten (10) days of the date of this Report and Recommendation and Order why the court should not enter a sanction under Rule 11 (c)(2) dismissing this case with prejudice or other appropriate sanction.**

Also, defendants assert that plaintiff's claims are barred by the applicable statute of limitations. 42 U.S.C. §§ 1985 and 1986 do not themselves specify a statute of limitations. Applicable case law directs courts to apply the forum state's "most analogous" statute of limitations. See <u>Owens v. Okure</u>, 488 U.S. 235 (1989)(addressing claims under §1983); <u>Grattan v. Burnett</u>, 710 F.2d 160 (4th Cir. 1983). In South Carolina, actions for injuries not arising on contract must be brought within three years of the date of discovery. S.C. Code §15-3-530(5)(1976, as amended)(all

actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action); Berry v. McLeod, 492 S.E.2d 794 (S.C. Ct. App. 1997).

> Knowledge of the injury alone does not, *a fortior*, give rise to suspicion of impropriety by an attorney. Rather, the limitations period is triggered by knowledge of facts, diligently acquired, sufficient to put an injured person on notice that a cause of action may exist against another. The test of whether a person should have known the operative facts is objective, not subjective, and the discovery rule focuses on whether the complaining party acquired knowledge of any existing facts sufficient to put the party on inquiry.

Peterson v. Richland County, 515 S.E.2d 553, 554 (S.C. Ct. App. 1999)(internal citations omitted).[7]

"Reasonable diligence" means

> simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

Mitchell v. Holler, 429 S.E.2d 793,395 (S.C. 1993)(quoting Snell v. Columbia Gun Exchange, Inc., 278 S.E.2d 333(1981)).

As set forth in the allegations in his complaint, the Fourth Circuit entered its decision dismissing his appeal on January 28, 1998. Therefore, for each of plaintiff's claims the latest expiration date for the limitations period was January 28, 2001. Plaintiff initiated Cooper I, the

---

[7] The South Carolina Supreme Court has rejected the "continuous treatment rule" for tolling the statute of limitations in medical malpractice claims. Harrison v. Bevilacqua, 580 S.E.2d 109,114 (S.C. 2003). The South Carolina Court of Appeals has also rejected a "continuous representation" rule in a legal malpractice case. Holy Lock Distributors, Inc. v. R.L. Hitchcock, 503 S.E.2d 787, 793 (S.C. Ct. App. 1998), reversed on other grounds, 531 S.E.2d 282 (S.C. 2000).

§1983 action, on December 26, 2002, and Cooper II, the §1985 action, on September 19, 2003.[8] Accordingly, assuming the inapplicability of Heck v. Humphry, the statute of limitations expired long before he ever filed suit.

Plaintiff argues that the limitations period should be tolled because he did not have access to the Presentence Investigative Report (PSR) until January 2001. Limitations periods are subject to equitable tolling if appropriate circumstances exist. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990); English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987), *cert. denied*, 486 U.S. 1044 (1988). Equitable tolling applies when the defendant has wrongfully deceived or misled the plaintiff to conceal the existence of a cause of action. Kokostis v. United States Postal Service, 223 F.3d 275, 280 (4th Cir. 2000)(citing English, 828 F.2d at 1049). It may be available to a diligent plaintiff in exceptional circumstances. Irwin, 498 U.S. at 96.

Plaintiff was convicted on September 22, 1995. Based on the allegations of his complaint, he was fully aware of a potential cause of action against these defendants prior to obtaining access to the PSR. While, assuming there was important information contained in the PSR of which plaintiff was not aware until January 2001, he, arguably, did not possess all of the facts that could possibly support any claim or claims, it is the knowledge as addressed in Berry v. Mcleod that controls. Plaintiff fails to set forth facts sufficient to warrant equitable tolling in this case.[9]

---

[8] This represents the Houston v. Lack date.

[9] Although not addressed by plaintiff, defendants point out the inapplicability of §15-3-40. Prior to 1996, S.C. Code §15-3-40 extended the statute of limitations for persons who are imprisoned, by the lesser of five years from the date of imprisonment or one year after being released from imprisonment. This section was repealed in 1996 for all causes of action accruing on or after July 1, 1996. *See* 1996 South Carolina laws Act 234 (H.B. No. 3204). Accordingly, for any claim accruing prior to July 1, 1996, plaintiff could have the benefit of the tolling provision of §15-3-40. For any claims accruing after that date, tolling in not available. As set forth by plaintiff, he was taken into custody the day her was convicted, September 22, 1995. Based on the allegations in his complaint, his actions against Pinkerton and Savage accrued prior to being taken into custody. Accordingly, the tolling

For the foregoing reasons, it is recommended that defendants' motions to dismiss (Documents ## 15, 16, 21, and 28) be granted as set forth herein and plaintiff's action be dismissed and, if appropriate after plaintiff has had an opportunity to respond, impose sanctions, including dismissal with prejudice.

February 12, 2007                                             s/Thomas E. Rogers, III
Florence, South Carolina                              Thomas E. Rogers, III
                                                                        United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s).**

---

provisions of the pre-1996 version of §15-3-40 are not applicable to the claims against Pinkerton and Savage. *See* South Carolina Code §15-3-50 (the disability, imprisonment, must exist at the time action accrued). Therefore, the statute of limitations against Pinkerton and Savage expired well before he filed any of the three actions he has filed.

Plaintiff was sentenced on July 29, 1996. Curry was appointed to represent plaintiff in April 1996. Curry filed a post-sentencing motion to for reduction of sentence in August 1996. Clearly, plaintiff had reason to know of any alleged conduct on the part of Curry by the date of sentencing on July 29, 1996. Therefore, any potential action accrued after the effective date of the repeal of §15-3-40. Therefore, the statute of limitations applicable to any claims against Curry, based on the allegations in the complaint, expired no later than August 1999.

Likewise, Seekings was appointed to represent plaintiff in November 1996 and his appeal was denied by the Fourth Circuit in January 1998. Accordingly, the statute of limitations applicable to any claims against Seekings expired in January 2001, and well before Cooper I, Cooper II, or this case was filed.