IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carl Benit Cooper, | ) | C/A NO. 4:06-1448-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Pinkerton Security; Andrew Savage, III, Esq; Eduardo Kelvin Curry, Esq; and Michael S. Seekings, Esq., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging violations 42 U.S.C. § 1985 (Civil Conspiracy); 42 U.S.C. § 1986 (failure to prevent a known violation of 42 U.S.C. § 1985); and an alleged state common law conspiracy violation.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. On February 12, 2007, the Magistrate Judge issued a Report recommending that this case be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on February 22, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Magistrate Judge's conclusions that this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This is so even though Plaintiff has brought his suit under 42 U.S.C. §§ 1985 and 1986. *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004) (joining circuits that hold that *Heck* bar applies "equally" to cases brought pursuant to 42 U.S.C. § 1983, 1985, or 1986).

Plaintiff points to his diligence in attempting to prove his alleged innocence since his conviction. However, because the allegations raised by Plaintiff's Complaint directly implicate the validity of his conviction (the consequences of which have a continuing impact upon Plaintiff in the form of his period of supervised release and the court's restitution order), to bring the present suit, Plaintiff "must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a [federal] tribunal authorized to make such determination, or called into question by a federal court's issuance" of a favorable ruling on a motion filed pursuant to 28 U.S.C. § 2255. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This he has not done.

Defendants' motions to dismiss are **granted** and this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie  
                                              CAMERON McGOWAN CURRIE  
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 27, 2007

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\~2513533.wpd